# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

IVAN RODRIGUEZ RIVERA,

    *Plaintiff*,

vs.

DR. ARANAS, *et al.*

    *Defendants*.

2:09-cv-01692-KJD-RJJ

ORDER

This *pro se* prisoner civil rights action by an inmate previously in the custody of the Nevada Department of Corrections ("NDOC") comes before the Court for initial review under 28 U.S.C. § 1915A.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868

(2009). That is, bare, naked and conclusory assertions that merely constitute formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.* Allegations of a *pro se* litigant are held to less stringent standards than are formal pleadings by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the complaint, plaintiff Ivana Rodriguez Rivera seeks to present claims for deliberate indifference to a serious medical need under the Eighth Amendment while incarcerated in the custody of NDOC. He seeks to bring claims against, in both their individual and official capacities: (a) Dr. Aranas, a physician employed by NDOC; (b) NDOC Director Howard Skolnik; (c) Dr. Karen Gedney, another physician employed by NDOC; (d) Dr. Robert Bannister, NDOC Medical Director; and (e) Dr. Sanchez, another physician employed by NDOC.

Plaintiff alleges that he had severe pain in his right testicle that radiated into his right side. While malpractice, misdiagnosis, and differences of opinion over diagnoses and treatment plans do not present a case of deliberate indifference under the Eighth Amendment, plaintiff includes allegations that arguably state a constitutional claim for relief. Plaintiff alleges that, after seeing him previously for the condition, Dr. Aranas and Dr. Sanchez told him not to visit them again because there was nothing that they could do for him, which he alleges constituted a refusal to provide medical care. Plaintiff further alleges that Dr. Gedney refused to authorize surgery recommended by a specialist to potentially remedy the condition after she asked him about his release date, telling him that the surgery was only cosmetic surgery that he would have to take care of after his release. He alleges that Dr. Gedney also discontinued his non-prescription pain medication and told him that he would have to buy more at the prison store. He alleges that she said "oh well" when he told her that he did not have money to purchase the medication. Construing the allegations in the complaint in the light most favorable to the plaintiff, these allegations state an Eighth Amendment deliberate indifference claim and potentially a claim for recovery of, *inter alia*, damages for pain and suffering at the pleading stage against the three doctors.

1    All official capacity – as opposed to individual capacity – claims against all defendants
2  must be dismissed, however.  Plaintiff may proceed under 42 U.S.C. § 1983 against state
3  officials in their official capacity only for injunctive relief, and he may not seek damages from
4  a state official in his or her official capacity.  *See Will v. Michigan Dept. of State Police*, 491
5  U.S. 58, 71 & n.10, 109 S.Ct. 2304, 2312 n.10, 105 L.Ed.2d 45 (1989).  Any claims herein for
6  injunctive relief have become moot following upon plaintiff's release from custody, such that
7  he does not present a viable official capacity claim against any defendant.

8    Plaintiff additionally has failed to state a claim against defendants Howard Skolnik and
9  Dr. Robert Bannister in their individual capacity.  There is no *respondeat superior* liability
10 under § 1983.  That is, an allegation of inadequate supervision is insufficient to establish
11 supervisory liability. A supervisor may be held liable in his individual capacity only if he either
12 was personally involved in the constitutional deprivation or a sufficient causal connection
13 existed between his unlawful conduct and the constitutional violation.  *See,e.g., Jackson v.
14 City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).  Plaintiff alleges no viable basis for
15 imposing liability on either defendant Skolnik or Bannister.

16   The Court will dismiss the claims against defendants Skolnik or Bannister in their
17 individual capacity without prejudice, subject to plaintiff being able to amend the complaint to
18 assert a claim against these defendants.  The Court in the meantime will proceed forward with
19 service, given the prior delay in reaching this case for screening.

20   IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint and that
21 the following claims are DISMISSED without prejudice: (a) all official capacity claims against
22 all defendants; (b) all claims for injunctive relief; and (c) the individual capacity claims against
23 defendants Howard Skolnik and Dr. Robert Bannister, subject to leave to amend to state a
24 claim for relief against these defendants in their individual capacity.

25   IT FURTHER IS ORDERED that the Clerk shall add Attorney General Catherine Cortez
26 Masto as counsel for defendants and shall make informal electronic service of the complaint
27 and this order upon defendants via a notice of electronic filing.  Defendants should note that
28 the complaint's factual allegations begin in the "Nature of the Case."

1     IT FURTHER IS ORDERED that the Attorney General shall advise the Court within twenty (20) days from entry of this order whether she can accept service of process for the named defendants. If the Attorney General accepts service of process for a defendant, such defendant shall file and serve an answer or other response to the complaint within thirty (30) days of the date of the notice of acceptance of service. If service is not accepted for any of the defendants, plaintiff must file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and specifying a full name and address for said defendant(s). Plaintiff must complete service within 120 days from entry of this order.

    IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other paper submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received which fails to include a certificate of service.

    IT FURTHER IS ORDERED that the Clerk shall mail a copy of this order to the Consulado de México in Las Vegas, Nevada at the address shown in #3.[1]

DATED: November 2, 2010

_____
KENT J. DAWSON
United States District Judge

---

[1] The Consul is respectfully advised that neither the Court nor the Clerk is able to provide written status updates to non-litigants and/or to provide legal advice to either litigants or non-litigants as to the manner of proceeding in a case. The entire record may be viewed on the electronic docketing system on a public work station available at the Clerk's Office. The Court will endeavor to move this case forward more expeditiously from this point. Plaintiff has filed a notice of change of address reflecting an updated address in Ensenada, Baja California, Mexico following upon his release from custody in Nevada. See #6.