IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IVAN RODRIGUEZ RIVERA,<br><br>Plaintiff,<br><br>v.<br><br>DR. ARANAS, et al;<br><br>Defendants. | Case No. 2:09-cv-01692-KJD-RJJ<br><br>**MOTION FOR ENLARGEMENT OF TIME**<br>**(FIRST REQUEST)** |

DEFENDANTS DR. ROMEO ARANAS (sued as Dr. Aranas), DR. FRANCISCO SANCHEZ (sued as Dr. Sanchez), and DR. KAREN GEDNEY, by and through legal counsel, CATHERINE CORTEZ MASTO, Attorney General of the State of Nevada, and RAELENE K. PALMER, Deputy Attorney General, hereby respectfully submit the instant MOTION FOR ENLARGEMENT OF TIME (FIRST REQUEST) in the above-referenced matter. This Motion is brought pursuant to Fed.R.Civ.P. 6(b), LR 6-2, the attached Points and Authorities, and the papers and pleadings on file with the Court herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PROCEDURAL HISTORY**

Plaintiff first commenced an action on or about August 31, 2009, in the United States District Court for the District of Nevada, styled: *Ivan Rodriguez Rivera vs. Dr. Aranas, Howard Skolnik, Dr. Karen Gedney, Dr. Robert Bannister, Dr. Sanchez*, alleging that his Eighth

Amendment right was violated when Defendants were deliberately indifferent to his medical needs. (Court Docket ("CD") #8).  Defendants were sued in both their individual and official capacities, (CD #8), but were not served.  Plaintiff also filed an Application to Proceed *In Forma Pauperis* on the same date, which was granted on November 23, 2009.  (CD ## 1, 2). On February 22, 2010, the Court received both a letter from the Mexican Consulate and from Plaintiff requesting the status of the case (CD ## 3, 4).  On May 14, 2010, and June 21, 2010, Plaintiff submitted a Change of Address to the Court.  (CD ## 5, 6).  The latter address indicates that Plaintiff is now residing out of the country in Mexico.  (CD #6).

On November 2, 2010, the Court issued its screening Order, dismissing Defendants Skolnik and Bannister from suit; dismissing all official capacity claims against the remaining Defendants; ordering the Court to file the Complaint; and ordering the Office of the Attorney General to notify the Court on whose behalf service will be accepted.  (CD #7).  On November 10, 2010, the November 2, 2010, Order sent by the Clerk to Plaintiff in Mexico was returned as undeliverable due to insufficient postage.  (CD #9).  On November 22, 2010, the Office of the Attorney General accepted service on behalf of all Defendants, (CD #10); 30 days after which, Defendants' Answer or other responsive pleading is now due, (CD #7).

Defendant hereby submits the instant Motion for Enlargement of Time (First Request) to answer or otherwise respond to Plaintiff's Complaint as follows:

## II.     LEGAL ARGUMENT

Defendant is requesting an extension of the current response deadline because counsel just received the medical records for Plaintiff two days prior on December 20, 2010, and has had insufficient time to review them. [1]

Fed.R.Civ.P. 6(b)(1)(A) provides, in pertinent part:

> (b) *Extending Time.*
> (1) *In General.*  When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]

---
[1] *See* Affidavit of RAELENE K. PALMER, attached hereto as "Exhibit A."

1  Rule 6(b)(1) allows for a party to move for an enlargement of time, the determination of
2  which lies with the presiding court.  "The Court has inherent power and discretion to control its
3  docket, and the proceedings within the cases on its docket." *Ford v. County of Missoula,*
4  *Mont.*, 2010 WL 2674036, 1 (D.Mont., 2010) (citing *Landis v. North American Co.,* 299 U.S.
5  248, 254 (1936); *see also* Fed.R.Civ.P. 6(b) (advisory committee note, 1946) ("Rule 6(b) is a
6  rule of general application giving wide discretion to the court to enlarge these time limits or
7  revive them after they have expired . . .").

8  In the case at hand, it took time for the Nevada Department of Corrections to compile
9  and synthesize Plaintiff's medical records, which counsel for Defendants just received on
10 December 20, 2010.  Counsel for Defendants submits that additional time is needed to
11 communicate with Defendants and other witnesses and to gather key pieces of information
12 which are necessary to effectively defend in the instant action and properly respond to
13 Plaintiff's complaint.  Since receiving Plaintiff's Complaint, the Attorney General's Office has
14 been in contact with the named Defendants to inform them of the pending lawsuit concomitant
15 with a request for information, including a statement of personal knowledge of the events
16 described in the Complaint.

17 As such, counsel respectfully requests a 20-day enlargement of time in which to file an
18 answer or otherwise respond to Plaintiff's Complaint to January 11, 2010. This request is
19 made in good faith and not for purposes of delay.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### III. CONCLUSION

As there will be no prejudice to Plaintiff, and because good cause has been shown, Defendants respectfully request the Court to enlarge the time by which they must file a response to Plaintiff's Complaint pursuant to Fed.R.Civ.P. 6(b) by 20 days to January 11, 2010.

Dated this 22nd day of December, 2010.

Respectfully submitted,

CATHERINE CORTEZ MASTO
Nevada Attorney General

By: /s/   RAELENE K. PALMER
RAELENE K. PALMER
Deputy Attorney General
Public Safety Division
*Attorney for Defendants*

"IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE,

DATED:  12/23/2010            "

-4-