1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

IVAN RODRIGUEZ RIVERA,

    Plaintiff,

v.

DR. ARANAS, *et al.*,

    Defendants.

Case No. 2:09-CV-01692-KJD-RJJ

**ORDER**

    Presently before the Court is Defendants' Motion to Dismiss and for Summary Judgment (#14). Though the time for doing so has passed, Plaintiff has failed to file a response in opposition despite the Court warning (#17) Plaintiff that failure to respond would result in his complaint being dismissed and giving Plaintiff additional time due to his residence in Mexico. Having read and considered the motion on the merits, and in accordance with Local Rule 7-2(d), the Court grants Defendants' motion for failure to exhaust his administrative remedies and failure to raise genuine issues of material fact demonstrating that prison officials were deliberately indifferent to his serious medical needs.

////

////

////

I.  Analysis

The Prison Litigation Reform Act of 1994 requires that a prisoner exhaust any and all administrative remedies before filing a case in federal court.  See Woodford v. Ngo, 548 U.S. 81, 85, 126 S. Ct. 2378, 2386 (2006).  "Proper exhaustion demands compliance with an agency's procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  Id. at 90-91.  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  See Booth v. Churner, 532 U.S. 731, 741 (2001).  "All 'available' remedies must be exhausted[.]"  Porter v. Nussle, 534 U.S. 516, 524 (2002).  "[Proper exhaustion] means...a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."  Ngo, 548 U.S. at 85-6.

A motion to dismiss for failure to exhaust nonjudicial remedies is treated as an unenumerated 12(b) motion.  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for a failure to exhaust  nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.  See id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365,  369 (9th Cir. 1988).  If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice.  See id. at 368 n.3 (1988).

In this action for deliberate indifference to his serious medical needs, Plaintiff filed ten grievances related to his testicular pain.  However, none of the grievances asserted that Plaintiff was denied treatment.  Furthermore, he never filed a grievance regarding Dr. Gedney, who only saw Plaintiff one time.  Only one of the ten grievances was fully exhausted, i.e. appealed through each step to the second level.  In the course of Plaintiff's appeals of that grievance, he was informed that he could obtain the relief that he sought, to see a specialist, by requesting that he be seen by a specialist through an institutional doctor.  Plaintiff, subsequently, did request to be seen by a

specialist through an institutional doctor.  His request was granted and he was seen by a specialist. To the extent that Plaintiff asserts that this process violated his Eighth Amendment rights, he has failed to raise any genuine issues of fact, that if resolved in his favor, would demonstrate that prison officials were deliberately indifferent.

Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104(1976)).  The Ninth Circuit employs a two-part test of deliberate indifference requiring a plaintiff to (1) first show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) the defendant's response to the need was deliberately indifferent. McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing Estelle 429 U.S. at 104) (internal quotations removed).  A plaintiff may satisfy the second prong by demonstrating (1) the prison official engaged in a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (2) harm caused by the indifference. Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060.)  Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." McGuckin, 974 F.2d at 1060. In this case, though Plaintiff had a serious medical need, Plaintiff's need was not ignored, nor neglected.  When he requested medical care, i.e. to be seen by a specialist, from the party authorized to grant his request, his need was met. Accordingly, Plaintiff has not shown that Defendants' were deliberately indifferent. Accordingly, Defendants' motion for summary judgment is granted.

II.  Conlusion

Accordingly, IT IS HEREBY ORDERED that  Defendants' Motion to Dismiss and for Summary Judgment (#14) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this 4th day of April 2011.

_____
Kent J. Dawson
United States District Judge